**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Ernesto Rivera

        v.                                        Civil No. 23-cv-226-JL-AJ

New Hampshire Department of Corrections

### **REPORT AND RECOMMENDATION**

Petitioner Ernest Rivera filed a 28 U.S.C. § 2254 Petition challenging the constitutionality of his custody pursuant to his state court conviction in State v. Rivera, 226-2013-CR-00612 (N.H. Super. Ct., Hillsborough Cty., S. D.) for possession of a controlled drug and six misdemeanor offenses.  Before the undersigned magistrate judge for consideration and a Report and Recommendation ("R&R") as to disposition is Respondent's Motion to Dismiss (Doc. No. 5) Mr. Rivera's Petition as moot, on the grounds that Mr. Rivera has been released from prison.  Mr. Rivera objects.  See Doc. No. 8.

Section 2254(a) requires that a petitioner be "in custody" to seek habeas relief in the federal court.  That requirement is satisfied if the petitioner is in custody at the time the petition is filed, even if he is later released from incarceration.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Here, the respondent does not dispute that Mr. Rivera was incarcerated at the time he filed his Petition, which satisfied the custody requirement in § 2254(a).  Respondent instead asserts that he has since been released from prison, and is therefore no longer "in custody," mooting his § 2254 Petition.

The state court docket in Mr. Rivera's criminal case, indicates that on January 9, 2025, the Superior Court imposed an amended sentence on the possession of

controlled drug offense of 3 ½ - 7 years, with an effective date of January 9, 2020.  It thus seems likely that Mr. Rivera is still on parole for that offense, as the maximum term of his sentence, if it began in January 2020, is set to expire in January 2027.  The respondent has not provided the court with any documents or other information to suggest otherwise.

If Mr. Rivera is on parole, he is still in custody.  See Larose v. New Hampshire, 2009 WL 3201000, at *5 (citing N.H. Rev. Stat. Ann. § 651-A:4, II (prisoner on parole is in custody of New Hampshire Adult Parole Board)); see also Jones v. Cunningham, 371 U.S. 236, 241-43 (1963).  For purposes of a § 2254 Petition, "'custody' does not 'require incarceration or other actual, physical restraint of a person . . . [t]he provision does require . . . some type of continuing governmental supervision over the person.'"  Tinder v. Paula, 725 F.3d 801, 803 (1st Cir. 1984); see also Spencer, 523 U.S. at 7; see also Finch v. New Hampshire, No. 25-cv-037-SE-TSM, 2025 WL 1799384, at *2 (D.N.H. May 6, 2025) (for purposes of a § 2254 action, "[c]ustody is a restraint on individual liberty that is '(1) severe, (2) immediate (i.e., not speculative), and (3) not shared by the public generally'"), R&R approved, 2025 WL 1795364 (D.N.H. June 30, 2025).  Moreover, even if Mr. Rivera is not in custody, his petition is not moot if

Moreover, if a New Hampshire § 2254 petitioner is released from custody while his habeas petition is pending, his petition does not necessarily become moot if there are "continuing collateral consequences" from his felony conviction.  See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  A felony conviction is presumed to have sufficient collateral consequences to allow a person who was in custody at the time of

2

filing his petition, but later released from custody, to maintain a petition for habeas relief. See Spencer, 523 U.S. at 8 (citing Sibron v. New York, 392 U.S. 40, 55–56 (1968)).

For these reasons, the record presently before the court does not demonstrate that Mr. Rivera's § 2254 petition is moot.  The district judge, therefore, should deny the respondent's motion to dismiss (Doc. No. 5), without prejudice to the respondent's ability to bring a similar motion in the future demonstrating that Mr. Rivera has been released from custody and that there are no "continuing collateral consequences" resulting from his possession of controlled drug conviction.

Any objections to this R&R must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 9, 2026

cc:   Ernest Rivera, pro se
      Elizabeth C. Woodcock, Esq.

3